

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~JOHN~~ ~~REEVES~~ ~~XXXXXXXXXX~~XXXXX
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-2878
Attention: J. B. Draper, Chief
Certificate of Title Division
Re: Issuance of Certificate of
Title under facts set forth.

   We acknowledge receipt of your letter of October 31, 1940, in which you request the opinion of this Department upon the following fact situation:

"'A' owns an automobile and has a Certificate of Title issued by the Department of Public Safety. 'B' purchases this motor vehicle from 'A' and does not require 'A' to deliver to him the assigned title and does not file an application for title in his ('B') name. 'B' sells the car to 'C' and 'C' does not require 'B' to deliver to him an assigned Certificate of Title. Now 'C' is endeavoring to obtain a Certificate of Title in his name and 'A's' whereabouts are unknown and 'B' is unable to locate 'A' in order to get him to assign the Certificate of Title to 'B' so that 'B' may make further assignment to 'C'."

   It is clear that each of the transactions set out in the fact situation above quoted are in violation of Article 1436-1 Vernon's Annotated Penal Code of Texas which is the Certificate of Title Act. Section 53 of this Act provides that:

"All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

   Under these circumstances it is the duty of the Department of Public Safety to refuse issuance of a Ceritificate of Title under the authority of Section 38, the pertinent provision of which reads as follows:

"(a) That the application contains any false or fraudulent statement, or that the applicant has failed to furnish required information requested by the Department, or that the applicant is not entitled to the issuance of a certificate of title under this Act."

   Section 39 of the Act sets out the procedure for appeal from an adverse decision of the Department and provides that in the event the Department's ruling is sustained that a certificate of title for the particular motor vehicle involved will be issued only upon such reasonable rules and regulations as may be prescribed by the Department. Section 55

of the Act gives the Department authority to promulgate such reasonable rules and regulations as may be necessary in carrying out the orderly operation of the Act. It is stated in your letter that you desire an opinion "as to what should be required of the present owner in this and similar cases in order that he may be issued a certificate of title." We presume that by the term "present owner" you refer to the person designated "C" in your quoted fact situation. Under Section 53 above quoted, title has never passed from "A". "C", therefore, is not the present owner of the vehicle and is not entitled to a certificate of title. Under Section 38, it is the duty of the Department to refuse issuance of the certificate until such time as provisions of the Act have been complied with, or until such time as it clearly appears to the satisfaction of the Department that "C" is entitled to the issuance of a certificate.

It is suggested that in lieu of compliance with the provisions of Article 1436-1, a court order vesting title in "C" might be accepted by the Department as evidence of title. It is difficult if not impossible, however, to render any opinion upon this fact situation other than the decision that the certificate of title should not be issued to "C" under the facts set forth. If "C" is dissatisfied with the ruling of the Department, he may appeal under Section 39. Then if the final decision is against the ruling of the Department, the certificate of title shall be issued. If it is sustaining the action of the Department, the Department may then prescribe reasonable rules and regulations for its issuance.

It is the opinion of this Department that the Department of Public Safety should refuse issuance of a certificate of title to "C" in the fact situation quoted until it becomes apparent that he is entitled to its issuance by reason of having complied with the provisions of the certificate of title act.

Opinions No. O-2693 and No. O-2100 are upon similar fact situations, and a copy of each is enclosed herewith.

Yours very truly

APPROVED DEC 6, 1940
/s/ R.W. Fairchild                    ATTORNEY GENERAL OF TEXAS
Acting
ATTORNEY GENERAL OF TEXAS             By /s/ Ross Carlton

                                          Ross Carlton
                                          Assistant

RC:ew:egw

                    Approved
                 Opinion Committee
                    By B W B
                    Chairman